IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAMON P. VINCENT,                        :        Civil No. 3:25-cv-2555
                                         :
                Petitioner               :        (Judge Mariani)
                                         :
        v.                               :
                                         :
WARDEN, USP-CANAAN,                      :
                                         :
                Respondent               :

## MEMORANDUM

### I.      Background

Petitioner Ramon Vincent ("Petitioner"), an inmate currently confined at the United

States Penitentiary, Canaan, in Waymart, Pennsylvania, filed a *pro se* petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Presently before the Court is

Petitioner's motion for appointment of counsel.  (Doc. 10).  For the reasons set forth below,

the Court will deny the motion without prejudice.

### II.     Discussion

There is no constitutional or statutory right to the appointment of counsel in federal

habeas proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 725 (1991); *Pennsylvania*

*v. Finley*, 481 U.S. 551, 555 (1987).  Appointment of counsel in a habeas proceeding is

mandatory only if the district court determines that an evidentiary hearing is required, or if

counsel is necessary for "effective" discovery.[1]  *See* Rule 8(c) and Rule 6(a) of the Rules

Governing § 2254 Cases[2]; 18 U.S.C. § 3006A(a)(2)(B).  Otherwise, a court may appoint

counsel to represent a habeas petitioner if it "determines that the interests of justice so

require," and that the petitioner is financially unable to obtain adequate representation.  *See*

18 U.S.C. § 3006A(a)(2)[3].  *See also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir.

2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), *aff'd*, 275 F.3d 33 (3d Cir. 2001);

*Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991).  The United States Court of

Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant

should be made when circumstances indicate "the likelihood of substantial prejudice to him

resulting, for example, from his probable inability without such assistance to present the

facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey*

*v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the

"precious commodity" of volunteer counsel is whether the case has some arguable merit in

---

[1]    In this regard, if the Court determines that an evidentiary hearing is necessary, or that counsel is necessary for effective discovery, counsel will be appointed in accordance with Rule 8(c) and/or Rule 6(a) of the Rules Governing § 2254 Cases.  *See also United States v. Iasiello*, 166 F.3d 212, 213 n.3 (3d Cir. 1999).

[2]    Rules 8(c) and 6(a) are applicable to petitions under 28 U.S.C. § 2241 pursuant to Rule 1(b) of the habeas rules.  *See* Rules Governing § 2254 Cases Rule 1(b).

[3]    Any person seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255 may be provided counsel, "[w]henever the United States magistrate judge or the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2).

fact or law. *Montgomery*, 294 F.3d at 499. If a petitioner overcomes this threshold hurdle,

other factors to be examined are:

(1)    the claimant's ability to present his or her own case;
(2)    the difficulty of the particular legal issues;
(3)    the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
(4)    the claimant's capacity to retain counsel on his or her own behalf;
(5)    the extent to which the case is likely to turn on credibility determinations; and,
(6)    whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). This list of factors is not exhaustive. *Tabron*, 6 F.3d at

157. The Third Circuit Court of Appeals added two other factors to be taken into

consideration: (1) the court's willingness to aid the indigent party in presenting his or her

own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests

within the relevant geographic area. *See Gordon v. Gonzalez*, 232 F. App'x 153 (3d Cir.

2007).

Assuming *arguendo* that the petition has merit, Petitioner fails to set forth any special

circumstances warranting the appointment of counsel. *See Tabron*, 6 F.3d at 155-56.

Other than a blanket request for counsel, Petitioner does not set forth any arguments in

support of his request for counsel. (Doc. 10). Moreover, in his petition, Petitioner

demonstrates the ability to present comprehensible arguments, and he is intimately familiar

with the facts of his case. (Doc. 1). Furthermore, despite his incarceration, investigation of

the facts does not seem beyond Petitioner's capabilities. The Court also notes that it does

not have a large group of attorneys who would represent this action in a *pro bono* capacity.

3

In addition, the Court cannot say, at least at this point, that Petitioner will suffer substantial prejudice if he is forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Petitioner's apparent ability to litigate this action, militate against the appointment of counsel. Therefore, the motion for appointment of counsel will be denied, however the denial will be without prejudice. As the Court in *Tabron* stated:

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* . . . even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Petitioner.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: February 05, 2026